# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Abram Valdez, HRH of Jerusalem, The Prince,<br><br>Plaintiff,<br><br>v.<br><br>Billy Mauer Chevrolet,<br><br>Defendant. | Civ. No. 18-1358 (JNE/BRT)<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff Abram Valdez brings this action for breach of contract against Defendant Billy Mauer Chevrolet, a car dealership located in the State of Minnesota. Under Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." There is no basis for federal jurisdiction over this lawsuit; accordingly, it is recommended that this matter be dismissed without prejudice.

Not much is provided in the Complaint by way of factual allegations, and the 72 pages of exhibits attached to the pleading do not shed much light on matters. That said, Valdez is clear in his Complaint that he believes Billy Mauer Chevrolet to be in breach of a contract agreement, as it "refuses to release title of vehicle and the actual real property or the vehicle itself to plaintiff." (Doc. No. 1, Compl. 4.) Valdez seeks $43,696.00 in compensation, the value of the vehicle at issue. (*Id.*)

Under Rule 8(a)(1), a pleading must contain "a short and plain statement of the grounds for the court's jurisdiction . . . ." In his complaint, Valdez alleges that the Court has subject-matter over these proceedings both because the litigation presents a federal question, *see* 28 U.S.C. § 1331, and because there is complete diversity of jurisdiction between the parties, *see* 28 U.S.C. § 1332. Based on the Complaint, neither basis for jurisdiction is present here. Although Valdez claims that a "federal constitutional treaty right is at issue," (Compl. 3), the Complaint presents nothing more than a garden-variety breach-of-contract claim that arises solely under state law, not federal law. Accordingly, § 1331 cannot provide a basis for jurisdiction over the Complaint. Further, Valdez has not alleged the citizenship of Billy Mauer Chevrolet and therefore has not established the complete diversity of the parties. And even if he had, § 1332(a) requires that where a litigant attempts to assert jurisdiction based on the diversity of the parties, the litigant must also show that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." Valdez affirmatively alleges that the matter in controversy is less than $75,000. (*See* Compl. 4.) Accordingly, § 1332(a) cannot provide a basis for jurisdiction over the Complaint either.

Without subject-matter jurisdiction, this lawsuit cannot proceed in federal court. It is therefore recommended that this matter be dismissed without prejudice. Because the Court lacks jurisdiction over the litigation, it is further recommended that Valdez's application to proceed *in forma pauperis* be denied.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. This matter be **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction; and

2. Plaintiff Abram Valdez's application to proceed *in forma pauperis* (Doc. No. 2) be **DENIED**.

Dated: June 6, 2018                *s/ Becky R. Thorson*
                                   BECKY R. THORSON
                                   United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).